**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**JUDY ANAYA**

**VS.**

**TRICAM INDUSTRIES, INC.,**
**RUBBERMAID, INC., AND COSTCO**
**WHOLESALE CORPORATION**

**C.A. No.:**

**JURY DEMANDED**

## COMPLAINT

Plaintiff Judy Anaya files this complaint, seeking to recover compensatory and exemplary damages from Defendants Tricam Industries, Inc., Rubbermaid, Inc., and Costco Wholesale Corporation.

**1.0**

**PARTIES**

1.1    Plaintiff Judy Anaya is a citizen of Texas. She resides in San Antonio, Texas.

1.2    Defendant Tricam Industries, Inc., is a Minnesota corporation. It is headquartered in Minnesota. It maintains no registered agent for service in Texas but conducts business in this state and is alleged to have committed a tort, in whole or in part, in Texas. It may be served with process by delivering a copy of the summons and complaint by certified mail, return receipt requested, to: **Tricam Industries, Inc., c/o Charles A. McMunn, 7677 Equitable Drive, Eden Prairie, Minnesota, 55344.**

1.3    Defendant Rubbermaid, Inc. is an Ohio corporation. It is headquartered in Georgia. It maintains a registered agent in the State of Texas and may be served with process by delivering a copy of the summons and complaint by certified mail, return receipt requested,

to:    **Rubbermaid, Inc., c/o Corporation Service Company dba CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.**

1.4    Defendant Costco Wholesale Corporation is a Washington corporation.  It is headquartered in Washington.  It maintains a registered agent in the State of Texas and may be served with process by delivering a copy of the summons and complaint by certified mail, return receipt requested, to:  **Costco Wholesale Corporation c/o CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.**

**2.0**

**SUBJECT-MATTER JURISDICTION AND VENUE**

2.1    This Court has diversity jurisdiction because the matter in controversy exceeds $75,000.00 and the case is between citizens of different states.  28 U.S.C. § 1332.

2.2    Venue is proper in the Western District of Texas because a substantial part of the events and omissions giving rise to the claim occurred in the District.  28 U.S.C. § 1391(b)(2).  This case arises out of an incident that occurred on January 20, 2017, in Bexar County, Texas.

**3.0**

**FACTS**

3.1    Judy Anaya purchased a step stool (Rubbermaid model RM-LWS3, Lot Number L-312866) at Costco in San Antonio, Texas.

3.2    Affixed to the stool was a sticker warning that the duty rating of the step stool was 225 pounds.

3.3    Ms. Anaya weighed approximately 114 pounds.

3.4    On or about January 20, 2017, while at her home in San Antonio, Texas, Ms. Anaya used the

step stool.  While Ms. Anaya was standing on the top step, it broke, causing her to fall and sustain serious injuries.

3.5     The store where Ms. Anaya purchased the step stool was owned and operated by Costco Wholesale Corporation.

3.6     Costco Wholesale Corporation placed the step stool into the stream of commerce in San Antonio, Texas when it sold the step stool to Ms. Anaya.

3.7     Tricam Industries, Inc. designed the step stool.

3.8     Rubbermaid, Inc. participated in the design of the step stool.

3.9     Tricam Industries, Inc. created the instructions and warnings that accompanied and were affixed to the step stool.

3.10    Rubbermaid, Inc. participated in the formulation of the instructions and warnings that accompanied and were affixed to the step stool.

3.11    Tricam Industries, Inc. represented that the duty rating for the step stool was 225 pounds.

3.12    Rubbermaid, Inc. represented that the duty rating for the step stool was 225 pounds.

3.13    Tricam Industries, Inc. caused a label to be affixed to the step stool representing that the duty rating was 225 pounds.

3.14    Rubbermaid, Inc. caused a label to be affixed to the step stool representing that the duty rating was 225 pounds.

3.15    The step stool was manufactured in China.

3.16    Tricam Industries, Inc. contracted with a Chinese company to manufacture the step stool. Upon information and belief, the company that manufactured the step stool was Zhejiang Sopop Industrial Co., Ltd.

3.17   Upon information and belief, the Chinese company that manufactured the step stool is not subject to personal jurisdiction in Texas.

3.18   Tricam Industries, Inc. provided the manufacturing specifications for the step stool.

3.19   Tricam Industries, Inc. determined what testing would be conducted on the model of the step stool.

3.20   Tricam Industries, Inc. tested the model step stool at issue in this case.

3.21   Tricam Industries placed step stools into the stream of commerce with the expectation that they would be purchased by Texas consumers.

3.22   Tricam Industries, Inc. shipped the subject RM-LWS3 step stool to Texas.

3.23   Tricam Industries, Inc. directed marketing efforts to Texas.

3.24   Tricam Industries, Inc. sent employees to Texas.

3.25   Tricam Industries, Inc. sent marketing materials to Texas.

3.26   Rubbermaid, Inc. sells more than 100,000 products in Texas every year.

3.27   Rubbermaid, Inc.'s Texas sales exceed $10 million per year.

3.28   Rubbermaid, Inc. marketed the step stool in Texas.

3.29   Rubbermaid, Inc. advertised in Texas.

3.30   Prior to placing the subject step stool into the stream of commerce, Tricam Industries, Inc. knew of other instances where the top step of a step stool with a design identical or substantially similar to the RM-LWS3 step stool broke when used by a consumer weighing less than 225 pounds.

3.31   Prior to placing the subject step stool into the stream of commerce, Tricam Industries, Inc. knew of other instances in which a consumer was injured because the top step of a step stool

4

with a design identical or substantially similar to the RM-LWS3 step stool broke when used by a consumer weighing less than 225 pounds.

3.32   Tricam Industries, Inc. recalled its Easy Reach Step Stools in 2012 because the top standing platform could break, potentially injuring consumers.

3.33   The design and formulation of the top step on the subject RM-LWS3 step stool is substantially similar to the top standing platform on the recalled Easy Reach Step Stools.

3.34   Tricam Industries, Inc. knew that it should have recalled the RM-LWS3 step stools as well, but failed to do so.

3.35   Prior to placing the subject step stool into the stream of commerce, Rubbermaid, Inc. knew of other instances where the top step of a stool with a design identical or substantially similar to the RM-LWS3 step stool broke when used by a consumer weighing less than 225 pounds.

3.36   Prior to placing the subject step stool into the stream of commerce, Rubbermaid, Inc. knew of other instances in which a consumer was injured because the top step of a stool with a design identical or substantially similar to the RM-LWS3 step stool broke when used by a consumer weighing less than 225 pounds.

3.37   Between the time the subject RM-LWS3 step stool was placed in the stream of commerce and the date on which Judy Anaya was injured, Tricam Industries, Inc. and Rubbermaid, Inc. became aware of additional instances in which the stop steps of step stools broke and in which consumers were injured.

3.38   Despite this knowledge, Tricam Industries, Inc. and Rubbermaid, Inc. failed to recall the product or take any other action to protect consumers from injury.

**4.0**

**CAUSES OF ACTION**

4.1    Tricam Industries, Inc. is a "manufacturer" of the subject RM-LWS3 step stool, as the term

"manufacturer" is defined in Section 82.001 of the Texas Civil Practice and Remedies Code.

4.2    Tricam Industries, Inc. is a "manufacturer" of the RM-LWS3 step stool because it was a

designer, constructor, fabricator, compounder, processor, and/or assembler of the product.

4.3    Rubbermaid, Inc. is a "manufacturer" of the subject RM-LWS3 step stool, as the term

"manufacturer" is defined in Section 82.001 of the Texas Civil Practice and Remedies Code.

4.4    Rubbermaid, Inc. is a "manufacturer" of the RM-LWS3 step stool because it was a designer

of the product.

4.5    In the event that Tricam Industries, Inc. is deemed to be a "non-manufacturing seller," as that

term is used in Section 82.003 of the Texas Civil Practice and Remedies Code, Tricam

Industries, Inc. is strictly liable for the harm caused by the defects in the subject RM-LWS3

step stool because:

a.    Tricam Industries, Inc. participated in the design of the product;

b.    Tricam Industries, Inc. exercised substantial control over the warnings and

instructions that accompanied the step stool, the warnings and instructions were

inadequate, and Judy Anaya's harm resulted from the inadequacy of the warnings or

instructions;

c.    Tricam Industries, Inc. made an express factual representation about the step stool;

specifically, that it had a duty rating of 225 pounds. This factual representation was

incorrect. Judy Anaya relied on this representation in obtaining and using the step

stool.  If the step stool could support the weight of a 225 pound user, then Judy Anaya, who only weighed 114 pounds, would not have been harmed.

d.  Tricam Industries, Inc. actually knew of a defect to the product at the time it supplied the product; it had received complaints from other consumers that the top step had cracked or broken despite the user weighing less than 225 pounds.  Judy Anaya's harm resulted from this defect.

e.  The Chinese company that manufactured the step stool is insolvent.

f.  The Chinese company that manufactured the step stool is not subject to jurisdiction of the court.

4.6   In the event that Rubbermaid, Inc. is deemed to be a "non-manufacturing seller," as that term is used in Section 82.003 of the Texas Civil Practice and Remedies Code, Rubbermaid, Inc. is strictly liable for the harm caused by the defects in the subject RM-LWS3 step stool because:

a.  Rubbermaid, Inc. participated in the design of the product;

b.  Rubbermaid, Inc. exercised substantial control over the warnings and instructions that accompanied the step stool, the warnings and instructions were inadequate, and Judy Anaya's harm resulted from the inadequacy of the warnings or instructions;

c.  Rubbermaid, Inc. made an express factual representation about the step stool; specifically, that it had a duty rating of 225 pounds.  This factual representation was incorrect.  Judy Anaya relied on this representation in obtaining and using the step stool.  If the step stool could support the weight of a 225 pound user, then Judy Anaya, who only weighed 114 pounds, would not have been harmed.

7

    d.      Rubbermaid, Inc. actually knew of a defect to the product at the time it supplied the product; it had received complaints from other consumers that the top step had cracked or broken despite the user weighing less than 225 pounds.  Judy Anaya's harm resulted from this defect.

    e.      The Chinese company that manufactured the step stool is insolvent.

    f.      The Chinese company that manufactured the step stool is not subject to jurisdiction of the court.

4.8    Costco Wholesale Corporation is strictly liable for the harm caused by the defects in the subject RM-LWS3 step stool because:

    a.      Costco Wholesale Corporation made an express factual representation about the step stool; specifically, that it had a duty rating of 225 pounds.  This factual representation was incorrect.  Judy Anaya relied on this representation in obtaining and using the step stool.  If the step stool could support the weight of a 225 pound user, then Judy Anaya, who only weighed 114 pounds, would not have been harmed.

    b.      Costco Wholesale Corporation actually knew of a defect to the product at the time it supplied the product; it had received complaints from other consumers that the top step had cracked or broken despite the user weighing less than 225 pounds.  Judy Anaya's harm resulted from this defect.

    c.      The Chinese company that manufactured the step stool is insolvent.

    d.      The Chinese company that manufactured the step stool is not subject to jurisdiction of the court.

**STRICT PRODUCT LIABILITY**

4.9   The RM-LWS3 step stool is defective in its design, manufacture, and marketing.

4.10   The design of the top step is defective in that it was not strong enough to support the weight of users who weighed less than 225 pounds during the useful life of the product.

4.11   Safer alternative designs exist that are economically and technologically feasible, and that would have prevented Plaintiff's injuries.

4.12   Defendants failed to adequately warn consumers and end-users, such as Plaintiff, of the foreseeable dangers from ordinary use of this RM-LWS3 step stool.

4.13   Specifically, Defendants failed to adequately warn consumers and end-users:

    a.   That the top step would not support the weight of a user who weighed less than the 225 pound duty rating; and

    b.   That it was unsafe to stand on the top step.

4.14   Defendants falsely represented that the RM-LWS3 step stool could support users who weighed 225 pounds or less, when in fact the top step broke when Judy Anaya, who only weighed approximately 114 pounds, stood on it.

4.15   Plaintiff contends that there are no mandatory safety standards adopted or promulgated by the federal government that were applicable to the product at the time of manufacture and that governed the product risk that caused harm to Plaintiff.  However, to the extent that Defendants claim that the product complied with any mandatory safety standards or regulations adopted or promulgated by the federal government, such standards are inadequate to protect the public from unreasonable risks or injury or damage, and Defendants, before and after marketing the product, withheld or misrepresented information or material relevant to

the federal government's or agency's determination of adequacy of safety standards or regulations at issue in the action.

4.16 These defects were producing and proximate causes of Plaintiff's injuries and damages.

**NEGLIGENCE**

4.17 Defendants were negligent in the design, manufacture, testing, and marketing of the RM-LWS3 step stool.

4.18 Defendants' negligent acts include:

 a. Designing the top step of the RM-LWS3 step stool in a manner that made it prone to failure when used by consumers weighing less than the 225 pound duty rating;

 b. Selecting improper materials for the formulation of the top step of the RM-LWS3 step stool;

 c. Representing that the RM-LWS3 step stool had a duty rating of 225 pound rating when it could not be safely used by a person who weighed less than 225 pounds;

 d. Failing to warn of the danger of the weak top step;

 e. Failing to adequately test the RM-LWS3 step stool;

 f. Failing to require adequate testing of the RM-LWS3 step stool;

 g. Failing to change the design of the RM-LWS3 step stool after receiving notice that the top step broke when used by consumers who weighed less than 225 pounds;

 h. Failing to change the warnings and instructions on the RM-LWS3 step stool after receiving notice that the top step broke when used by consumers who weighed less than 225 pounds; and

   i.   Failing to recall the RM-LWS3 step stool after receiving notice that the top step broke when used by consumers who weighed less than 225 pounds;

4.19   The type and nature of Plaintiff's injury was reasonably foreseeable to Defendants due to this negligent design.

4.20   Furthermore, the type and nature of these injuries were reasonably foreseeable to Defendants due to Defendants' actual and/or constructive knowledge of other similar incidents, through publicly filed lawsuits and consumer complaints.

4.21   This negligence was a proximate cause of Plaintiff's injuries and damages.

**GROSS NEGLIGENCE**

4.22   Defendants Tricam Industries, Inc. and Rubbermaid, Inc. were grossly negligent.

4.23   Marketing, selling, and distributing the RM-LWS3 step stool involved an extreme degree of risk, considering the probability and magnitude of potential harm to consumers, because it would break when used by consumers weighing less than the 225 pound duty rating.

4.24   Failing to recall the RM-LWS3 step stool involved an extreme degree of risk, considering the probability and magnitude of potential harm to consumers, because the stools would break when used by consumers weighing less than the 225 pound duty rating.

4.25   Defendants Tricam Industries, Inc. and Rubbermaid, Inc. had actual, subjective awareness of the risk involved in marketing, selling, and distributing the RM-LWS3 step stool because they received complaints and notifications that the top step on similar step stools broke, even when used by consumers weighing less that the labeled duty rating.

4.26   Defendants Tricam Industries, Inc. and Rubbermaid, Inc. had actual, subjective awareness of the risk involved in failing to recall the RM-LWS3 step stool because they received

11

complaints and notifications that the top step on similar step stools broke, even when used by consumers weighing less that the labeled duty rating.

4.27    Despite having actual, subjective awareness of the risk, Defendants Tricam Industries, Inc. and Rubbermaid, Inc. continued marketing, selling, and distributing the RM-LWS3 step stool and failed to recall or improve the design of the step stool, which demonstrates conscious indifference to the rights, safety, and welfare of others.

**5.0**

**DAMAGES**

5.1    As a direct and proximate result of Defendants' negligence and the step stool's defects, Plaintiff sustained severe injuries.  Plaintiff seeks to recover the following elements of damages:

a.    Medical care expenses, past and future;

b.    Physical pain, past and future;

c.    Mental anguish, past and future;

d.    Lost wages and loss of earning capacity, past and future;

e.    Physical impairment, past and future; and

f.    Disfigurement, past and future.

5.2    Plaintiff also seeks to recover exemplary damages from Defendants Tricam Industries, Inc. and Rubbermaid, Inc.

5.3    Plaintiff's compensatory damages exceed the Court's jurisdictional minimum.  Plaintiff also seeks prejudgment interest, postjudgment interest, and court costs.

**6.0**

**DEMAND FOR JURY**

6.1     Plaintiff hereby demands a trial by jury.

**VII.**

**PRAYER**

Plaintiff prays that the Court enter judgment against Defendants for compensatory damages,

exemplary damages, prejudgment interest, postjudgment interest, and court costs.

<div style="margin-left:40%">

Respectfully submitted,

/s/ Sonia Rodriguez
Texas Bar No. 24008466
Michael Cowen
Texas Bar No. 00795306
COWEN | RODRIGUEZ | PEACOCK
6243 IH-10 West, Suite 801
San Antonio, Texas 78201
Telephone:  (210) 941-1301
Facsimile:   (956) 504-3674
E-Mail for Service:  efilings@cowenlaw.com
Personal E-Mail: sonia@cowenlaw.com
                              michael@cowenlaw.com

</div>